Nash, C. J.
 

 The evidence offered by the defendant was properly rejected. The parties bad swapped horses, and the action was brought to recover damages for an alleged fraud committed by the defendant. The latter, with a view to diminish the damages, offered to prove that the horse be bad got from the plaintiff, was not sound in bis eyes, which diminished the value of the animal. There is no allegation of fraud by the defendant. His offer is in effect an attempt to rebut the plaintiff’s claim, by a set off of unliquidated damages. The attempt is rather a novel one. The case that comes the nearest to it, is that of Caldwell v. Smith, 4 Dev. and Bat. 64. That was an action of assumpsit, to recover the value of a negro, sold by the plaintiff to the defendant. The defendant’s counsel, for the purpose of reducing the amount of the stipulated price, proposed to show that, at the time when the defendant took the negro into possession, be was 'in bad health, and of little or no value. His Honor, who tried the case below, rejected the evidence, and that opinion was sustained here. When goods are sold by sample, and the articles tendered do not correspond with the sample, the purchaser may reject them. If he does not, and has full opportunity to examine them, and there be no warranty or fraud, be cannot throw the vendor back upon bis
 
 quantum, valebant.
 
 Here, as in the case referred to, the defendant got the very article be contracted for, to wit, the plaintiff’s horse. But tbis is an action of deceit, a tort, and the defendant, if be has been injured by the plaintiff, in imposing upon him an unsound horse, must resort to bis cross action; and cannot, in tbis way, lessen the damages to which the plaintiff is
 
 *404
 
 entitled. In Dickson v. Jordan, 12th Ired. 81, tbe Court say,
 
 “
 
 if a defendant is not allowed to abate the amount of damage for a breach of contract, in failing to pay for goods sold and delivered, when the price is agreed on,” by proof of their inferior quality, it would be singular if he were allowed to do so, because the price had not been expressly agreed on; and it would be still more singular, if, on a swap of horses, an action is brought for a fraud in the exchange, the defendant could be admitted to prove that the horse he received was not worth the value set upon him by himself, at the time of the sale, or that the plaintiff had practiced a fraud upon him in the trade. The Judgment is affirmed.
 

 Per Curiam. Judgment affirmed.